**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

_____
                                   )
In re:                             )
                                   )   Chapter 13
KATHLEEN ANN GAGNON,               )   Case No. 11-41251-HJB
                                   )
        Debtor                     )
_____)

## MEMORANDUM OF DECISION

Before the Court is the "Second Application for Allowance of Compesnation [sic] Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Rules of Bankruptcy Procedure and MLBR 2016-1" (the "Second Fee Application") filed by Carl D. Aframe ("Attorney Aframe"), counsel to Kathleen Ann Gagnon, the debtor (the "Debtor") in this Chapter 13 case. In the Second Fee Application, Attorney Aframe requests an "award" of $4,312.50 in compensation and $54.16 for expenses incurred in this case for the period of August 4, 2011 through November 15, 2013, which he has "voluntarily reduced" to the sum of $3,500.00.[1]

The Debtor filed this Chapter 13 case on March 31, 2011. On August 3, 2011,

---

[1] This is the best that the Court can make of the request, which reads:

> WHEREFORE, your Applicant requests that this Court award him the sum of $4,312.50 in fees plus $54.16 in expenses and allow the voluntarily reduced net sum of $3,500.00, which is the applied for sum over and above the initial retainer received, to be allowed as a Chapter 13 administrative claim to be paid through the Debtor's Amended Chapter 13 Plan as provided.

Second Fee Application 2-3, November 20, 2013, ECF No. 60. The Court cannot determine why Attorney Aframe is asking the Court to "allow" the net sum of $3,500 as an administrative expense, and yet is requesting an "award" of a higher amount, unless he intends to collect that sum from the Debtor in some other fashion (or postpetition). In any event, the Court deems Attorney Aframe to be requesting an additional allowance of $3,500 to be paid as an administrative expense under the Debtor's Chapter 13 plan. And in view of the Court's determination below, it makes no difference.

1

Attorney Aframe filed his first fee application (the "First Fee Application"). In the First Fee Application, Attorney Aframe represented that he had received $7,739.44 from the Debtor prepetition and requested approval of $9,762.50 in compensation and $636.13 in expenses – or $2,659.19 in excess of his retainer. He described the Debtor's prepetition circumstances as dire: she was in her early 60's, had the responsibility of caring for an elderly parent, had lost her job, and had subsequently depleted substantial IRA funds to support herself and her mother – which led to a substantial tax claim she was unable to pay. After initial consultation with the Debtor and preparation of the necessary documents for filing a Chapter 13 case, the filing was delayed as the Debtor struggled to regain a stream of income while Attorney Aframe kept creditors at bay in the interim. Accordingly, when the decision to file the case was finally made, Attorney Aframe again drafted the necessary documents in order to reflect the Debtor's current circumstances. Postpetition, Attorney Aframe filed amended schedules, sought and obtained avoidance of a judicial lien (which avoidance was uncontested), and modified the Debtor's Chapter 13 plan prior to its confirmation.

At a hearing on September 6, 2011, the Court granted the First Fee Application in full. However, the Court suggested to Attorney Aframe that this situation might be similar to the one which he (and the Court) faced in In re Boyd, No. 09-41102-HJB, 2009 WL 2971096 (Bankr. D. Mass. Sept. 16, 2009), where the Court reduced fees requested by Attorney Aframe on the grounds that the sought-for allowance substantially exceeded the reasonable value of his services. Attorney Aframe responded that he had taken the Court's views to heart and had recently been able to keep within the terms of his clients' initial retainers. The Court further noted at that hearing that only a few practitioners in the Central and Western Divisions of the Court appeared to regularly seek fees in excess of the sums referenced in

Massachusetts Local Bankruptcy Rule 13-7.[2]

As this Court noted in <u>Boyd</u>:

> The standards for allowance of compensation are not new. See <u>In re LaFrance,</u> 311 B.R. 1, 19–22 (Bankr. D. Mass. 2004). Nor is it uncommon in a Chapter 13 case that complexities should arise requiring services that extend beyond the norm. <u>Id.</u> at 21. But where an application for compensation in a Chapter 13 case is substantially higher than the average fee charged in such cases, it is incumbent upon the applicant to demonstrate with specificity why the amount sought is reasonable. <u>See</u> 11 U.S.C. § 329.

2009 WL 2971096 at *1.

In his Second Fee Application, Attorney Aframe has failed to demonstrate the reasonableness of his fee request. In support of Attorney Aframe's request for an "award" of

---

[2] Massachusetts Local Bankruptcy Rule ("MLBR") 13-7 provides:

**RULE 13-7. PROFESSIONAL FEES; PREPETITION RETAINERS**

(a) Prepetition Retainers. The amount of any retainer received by debtor's counsel shall be included in the Statement of Attorney Compensation filed pursuant to Fed. R. Bankr. P. 2016(b).

(b) Unless otherwise ordered by the Court, if debtor's attorney's total compensation prior to confirmation of a plan is $3,500 or less, the disclosure of the compensation in the Rule 2016(b) Statement shall be sufficient notwithstanding compensation for post confirmation services in an amount not exceeding $500, and the filing of an itemized application for compensation shall be excused, unless the Court orders otherwise.

(c) Application for Additional Attorney's Fees. An attorney who proposes to charge a debtor more than $3,500 in the aggregate for legal services in a chapter 13 case prior to confirmation, or $500 in the aggregate for such services after confirmation, shall file an application for compensation in accordance with Fed. R. Bankr. P. 2016 and MLBR 2016-1. Unless otherwise ordered by the Court, debtor's attorney shall serve a copy of the application on all creditors, parties requesting service of all pleadings, and the chapter 13 trustee and shall file a certificate of service to that effect with the application. If no objections are filed within twenty-one (21) days of service, the Court shall award fees in its discretion, with or without a hearing, in accordance with applicable law.

(d) Nothing in this Rule shall be construed to limit the Court's discretion to review the amount of fees paid to or agreed to be paid to a debtor's attorney, and to enter appropriate orders allowing, disallowing, or reducing such attorney's fees.

$4,366.66 and "allowance" of $3,500, he described the following events as having occurred and requiring his services since allowance of his First Fee Application:

1. In April 2012, the Debtor informed Attorney Aframe of her mother's death and indicated that she might have some problems making payments under her Chapter 13 plan. But then she overcame that problem and remained current.

2. Attorney Aframe prepared to file an adversary proceeding in order to compel the Internal Revenue Service to accept its claims as discharged. But then the IRS agreed to do so and no adversary proceeding was required.

3. The Debtor lost her job in May 2013. Attorney Aframe informed the Chapter 13 trustee and "contemplated" the possible need to convert the 36-month plan to a 60-month plan. But then the Debtor found a new job in July 2013 and the plan did not require amendment.

4. In July 2013, the Debtor informed Attorney Aframe that she would need a better car for her new job and located a replacement vehicle. Attorney Aframe filed a motion seeking leave for the Debtor to obtain the necessary financing. At a hearing on the motion, the Chapter 13 Trustee objected because the Debtor had not verified her new employment. The Court allowed the motion on condition that the Debtor file amended Schedules I and J and deliver a copy of her current pay stub to the Chapter 13 trustee within 2 days. Apparently, this proved more difficult than at first blush – the pay stub was mailed to the Debtor when she was out of town, and it remained at the post office. This necessitated a visit by Attorney Aframe to the post office to pick up the letter containing the pay stub.

The Court does not make light of Attorney Aframe's provision of these services to the Debtor. After all, as Abraham Lincoln famously said, "A lawyer's time and advice are his stock in trade." But an attorney's charges for services rendered must be qualitatively based on the existing circumstances. The Court sees no need here to quarrel with Attorney Aframe's hourly rate. But for these relatively simple services, consuming (according to his attached time records) a startling and unjustifiable approximate 20 hours,[3] Attorney Aframe

---

[3] In this regard, the Court is mindful of the observation made by the First Circuit Court of Appeals in Berliner v. Pappalardo (In re Sullivan):

> [T]he appellant asserts that the debtors demanded unusually frequent communications, which significantly increased his billable hours. This purported need

4

requests fees in an amount equal to what lawyers typically charge their clients in full for uncomplicated Chapter 13 cases. As such, the Court finds that the request is patently unreasonable. The Court will allow compensation for these services in the sum of $750 – an amount which the Court believes is the reasonable value of the services rendered.[4]

A separate order in conformity with this Memorandum of Decision shall issue forthwith.

*[signature: Henry Jack Boroff]*

DATED: February 10, 2014

_____
Henry J. Boroff
United States Bankruptcy Judge

---

for extensive communications did not impress the bankruptcy court – and we understand why. It strains credulity that even the most loquacious client could cause legal bills to triple (and if that happened, one would have ample reason to question the lawyer's management of the case). After all, lawyers have an obligation to keep hand-holding within reasonable limits.

674 F.3d 65, 70 (1st Cir. 2012).

The Court here also pauses to note that the time records attached to the Second Fee Application do not conform with the requirements of MLBR 2016-1(a)(1)(C), but no reduction is made on that account.

[4] The sum of $500 was included in the Second Fee Application in anticipation of the time necessary to file an amended plan and supporting documents necessary to accommodate allowance of the fees. Since the filing of this Second Fee Application, Attorney Aframe filed an amended Chapter 13 plan, together with a motion to approve that plan, which presumes the Second Fee Application will be allowed in full. Accordingly, the motion to approve the amended Chapter 13 plan will be denied. And if a further amended plan will be necessary to accommodate the sum here allowed, no further compensation will be approved for the services required to prepare that plan.